[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Henry Taylor, commenced this action against the defendants, First County Bank, Agnes Rowe, Donald Burgess and the estate of Ruth Taylor, to recover an unauthorized withdrawal from the plaintiff's savings account allegedly paid by the defendant bank. The plaintiff alleges that he and his wife, Ruth Taylor, established a joint savings account with right of survivorship at the defendant bank on November 3, 1980. The account number for that account was 135758. Plaintiff's Memorandum, Exhibit B, November 3, 1980 Signature Card. The plaintiff's wife died on February 5, 1994. Plaintiff's Memorandum, Exhibit F, Certificate of Death. Pursuant to General Statutes § 36-3 (now § 36a-290),[1] the plaintiff claims that when his wife died, title to the above account vested in the plaintiff as the survivor. Therefore, the plaintiff alleges that the defendant bank violated § 36-3 when it allowed Donald Burgess, the executor of the estate of Ruth Taylor, to withdraw the balance of the account on March 22, 1994. The plaintiff now seeks to recover the amount of $83,189.69, the balance for the account on March 22, 1994, plus interest.
The plaintiff has filed a motion for summary judgment in support of which he submitted a memorandum of law, along with an affidavit by the plaintiff, a copy of Ruth Taylor's Death Certificate, and copies of bank records for the above account. The defendant filed an opposing memorandum of law, as well as the affidavit of Robert Halpin, the executive vice-president of the retail bank services division of First County Bank, a copy of the December 27, 1993 signature card for account number 135758, and a copy of the individual defendants' responses to interrogatories.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse CT Page 6829 claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
In order to prevail on a motion for summary judgment, "[t]he movant must [make a showing] that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Miller v. United Technologies Corp., 233 Conn. 732, 751-52,660 A.2d 810 (1995). In the present case, the defendant has submitted a copy of the December 27, 1993 signature card for account number 135758. Affidavit of Robert Halpin, Exhibit A. The December 27, 1993 signature card indicates that, as of December 27, 1993, the only authorized signatories for account number 135758 were Ruth Taylor and Agnes Rowe, who held a power of attorney for Ruth Taylor. Affidavit of Robert Halpin, ¶ 8. The affidavit of Robert Halpin also indicates that this was the last signature card filed with the bank with respect to this account. Affidavit of Robert Halpin, ¶ 7.
It is reasonable for the trial court to construe the documentation connected with a joint account to make the signature card the primary source of the contractual agreement between the parties since the signature card is essential to the creation of a bank account. Frigon v. Enfield Savings LoanAssn., 195 Conn. 82, 86-87, 486 A.2d 630 (1985). Therefore, the December 27, 1993 signature card submitted by the defendant bank raises a genuine issue of material fact as to whether the plaintiff had any ownership interest in the above account on March 22, 1993, the date that the balance of the account was withdrawn by Donald Burgess. Accordingly, the plaintiff's motion for summary judgment is denied.
D'ANDREA, J.